**FILED**
**JUL 14 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, :
:
v. : Criminal Case No. 06-315 (GK)
:
DEREK BLANDON, :
:
        Defendant. :

## MEMORANDUM OPINION

Defendant's sentencing hearing was held on May 24, 2011. Two very significant legal issues were raised in the sentencing memoranda submitted by counsel prior to the hearing: (1) whether the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which reduced the mandatory minimum penalties for crack cocaine, among other changes in pre-existing law, should be applied retroactively to defendants who committed their offenses prior to the effective date (August 3, 2010) of that Act, but are being sentenced subsequent to its passage; and (2) what ratio of crack cocaine to powder cocaine should be adopted by the Court in calculating the Defendant's appropriate advisory Guideline Range. Extensive legal argument was presented by all counsel on the retroactivity issue. Because the Government had had very little time in which to file its response to the Defendant's Memorandum in Aid of Sentencing, filed on May 19, 2011, and because there is a great deal of emerging case law on the retroactivity issue, sentencing was continued to July 7, 2011; the Government was given until June 10, 2011, to file a further memorandum of law, and Defendant was given until June 24, 2011, to respond.[1]

---

[1] Many members of Defendant's family attended the hearing, and the Court was informed that one of them would like to speak for all, in support of Defendant's request for a sentence of only 60 months. In order to not inconvenience family members by requiring them to return for the July 7 hearing, Defendant's aunt was allowed to present what was clearly a heartfelt plea on behalf of leniency for the Defendant.

Two major opinions have been written by district court judges holding that the Fair Sentencing Act may be applied to those defendants who have either pled guilty or were found guilty prior to August 3, 2010, but will be sentenced after that date. There is simply no point in reinventing the wheel. Therefore, the Court adopts the arguments in United States v. Douglas, 746 F. Supp. 2d 220 (D. Me. 2010), and United States v. Watts, __ F. Supp. 2d. __, 2011 WL 1282542 (D. Mass. April 5, 2011).[2] Judge Ponsor's careful, thorough, and very powerful opinion in Watts addresses all of the issues raised in the many different district court opinions. His eloquent introductory words deserve to be quoted in full:

> The broader question is whether federal trial courts will be required, for roughly the next five years, to perpetuate a congressionally recognized injustice. It is disturbing enough when courts, whose primary task is to do justice, become themselves the instruments of injustice, as in the history of our nation it must be acknowledged they sometimes have. But this discomfort reaches its zenith when the injustice has been identified and formally remedied by Congress itself. For a trial judge, the distastefulness of being forced to continue imposing a rejected penalty becomes unendurable in light of the fact that Congress acted partly because the injustice is racially skewed and, as everyone now agrees, will fall disproportionately upon Black defendants . . . (emphasis in original).

There is no question that the touchstone inquiry in the retroactivity analysis under the general federal savings provision (1 U.S.C. § 109) ("the Savings Clause") is determination of Congressional intent. On that issue, as both Douglas and Watts demonstrate, there can be no real question about

---

[2] The Court is well aware that ten circuit courts of appeals have ruled to the contrary. Govt. Mem. of Law, June 14, 2011, pp. 5-17. However, it is significant that all of the cases cited by the Government, except U.S. v. Fisher, 635 F.3d 336 (7th Cir. 2011), were in a different procedural posture than this case; they involved defendants who had been sentenced prior to passage of the FSA and were bringing post-sentence appeals. Def. Mem. of Law, June 24, 2011, pp. 8-9. The Court of Appeals for the First Circuit has held that the FSA applies retroactively. United States v. Douglas, __ F.3d __, 2011 WL 2120163 (1st Cir. May 31, 2011). Our Circuit has not yet ruled on this issue.

the intent of Congress in enacting the legislation in question, since its very Preamble states that the Act's goal is to "restore fairness to Federal cocaine sentencing." As Judge Hornby asked in Douglas, 746 F. Supp.2d at 229, "what possible reason could there be to want judges to *continue* to impose new sentences that are not 'fair' over the next five years while the statute of limitations runs?" (emphasis in original). Judge Ponsor posed the same question in slightly different words: "can it possibly be that congress intended district court judges to continue to apply a sentencing regime that it had declared unfair and contrary to our fundamental principles of justice to defendants for five more years? The only conceivable answer to this question is 'no.'" Watts, 2011 WL 1282542 at *17.

For all the reasons set forth in detail in Douglas and Watts, this Court also concludes that the Savings Clause does not apply to the Fair Sentencing Act, that "the will of Congress [is] manifested . . . by both fair and necessary implication." The fact that Congress did not do a perfect job of drafting this piece of legislation (by simply including two or three sentences explicitly making the FSA retroactive), does not mean that we cannot divine its intentions by scrutinizing both the legislative history and the context in which the legislation was enacted.

**WHEREFORE**, it is this /14th day of July, 2011, hereby

**ORDERED**, that both the Fair Sentencing Act of 2010, as well as the Amendments recently adopted by the United States Sentencing Commission to implement the Fair Sentencing Act will be applied retroactively in this case.

/s/ Gladys Kessler
Gladys Kessler
United States District Judge